ORIGINAL

FILED

JUN 15 2015

U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS, DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, AND/OR OTHER ("THIS COURT")**

In the Matter of Chelsea L. Davis Brought In the Name of the United States of America

**CIVIL NO.** 15- 608 C
**JURY TRIAL DEMANDED**

**"COMPLAINT"**

I, Chelsea L. Davis (herein referred to as "Chelsea Davis", "Chelsea" and in the first person) file this "Complaint," which may be amended, supplemental, placeholder or other paper(s), against myself and the State of Texas, State Bar of Texas, Supreme Court of Texas, Board of Disciplinary Appeals, and Commission for Lawyer Discipline (herein collectively referred to as "Claim Defendants")/cross/counterclaim defendants. I request this United States Court of Federal Claims or United States Court of Appeals for the Federal Circuit (herein referred to as "this Court") (under the Tucker Act, Controlled Substances Act of 1970 or other) to enter an order as it would appear that independent action on this my movant's motion and regarding each Claim/Cause of Action asserted against myself herein are separately pending before this Court. I sufficiently present each independent action supported by facts alleged herein and certain of my declarations, affidavits, attachments and certificates attached hereto at any time and incorporated by reference herein. I plead the discovery rule as a precaution because any delay from timely filing to present is due to the intentional misconduct of Claim Defendants. Discovery is to be conducted according to the standard scheduling order of this Court or another scheduling order to be issued or attached only if such is fair and in the interests of justice and truth. I plead the discovery rule as a precaution because any delay from timely filing to present is due to the intentional misconduct of the State Bar of Texas (excluding

myself). Discovery is to be conducted according to the standard scheduling order of this Court or another scheduling order to be issued or attached only if such is fair and in the interests of justice and truth.

**TABLE OF CONTENTS I.**

TABLE OF AUTHORITIES
STATEMENT OF JURISDICTION
ISSUES PRESENTED
STATEMENT OF THE "CASE"
SUMMARY OF THE ARGUMENT
ARGUMENT - 42
CONCLUSION - 63
SIGNATURE - 65
CERTIFICATE OF SERVICE - 65
CERTIFICATE OF ATTORNEY - 66
CERTIFICATE OF COMPLIANCE - 66
APPENDIX/INDEX OF CONFIDENTIAL INFORMATION

**TABLE OF AUTHORITIES**

***Generally***

Federal Rules of Civil, Criminal and Appellate Procedure, Evidence and Local Rules.
Internal Procedural Rules of the Board of Disciplinary Appeals.
Texas Constitution.
Texas Disciplinary Rules of Professional Conduct.
Texas Rules of Appellate Procedure.
Texas Rules of Civil Procedure.
Texas Rules of Disciplinary Procedure.
Texas Government Code.
United States Constitution.

***More Specifically***

Tex. R. Disciplinary Proc. 7.11
Tex. Gov. Code Sec. 81.002(7)
Tex. R. Disciplinary Proc. 2.17(G)
Tex. R. Disciplinary P. 2.17(G)
Tex. Gov. Code Sec. 81.076
18 U.S.C. § 3401
28 U.S.C.S. 636
FED. R. APP. P. 34
Fed. R. Crim. P. 41(e),
*State v. Ferguson*, 133 Tex. 60, 125 S.W.2d 272, 274 (1939)
42 U.S.C.S. § 1983 et seq.
Administrative Procedure Act ("APA"), 5 U.S.C.S. §§ 701-706
Freedom of Information Act ("FOIA"), 5 U.S.C.S. § 552 et seq.

Tex. Civ. Prac. & Rem. Code Sec. 98.001-98.005
Tex. Civ. Prac. & Rem. Code Chs. 10, 27, 37, and 171
Tex. Code Crim. Proc. Art. 7A
TEX. CONST. Art. I, II, V
TEX. CONST. Art. I, Sec. 13.
Tex. Fam. Code Sec. 82.041-043
Tex. Gov't Code Sec. 411.042(b)(6)-043
Tex. Gov't Code §§ 81 *et seq.*
Tex. R. Civ. P. 76a, 682, 684, 685, 45(b), 93.12
U.S. Const. art. I, § 10, cl. 1
*Annotations,* Tex. Gov't Code § 81.072
*Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 316-17 (Tex. App.—Houston [1st Dist.] 2010, pet. denied);...19
*In re Ruffalo*, 390 U.S. 544, 551-52, 20 L. Ed. 2d 117, 88 S. Ct. 1222 (1968);...19 *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976);...19
*Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 930 (Tex. 1995)...19 *Weiss v. Comm'n for Lawyer Discipline*, 981 S.W.2d 8, 14 (Tex. App.—San Antonio 1998, pet. denied)...19
*State v. Sewell*, 487 S.W.2d 716, 718 (Tex. 1972);...20
*Comm'n for Lawyer Discipline v. Stern*, 355 S.W.3d 129, 137-138 (Tex. App. Houston 1st Dist. 2011)...21
First Union Mortg. Corp. v Smith (2000, CA10 NM) 229 F3d 992, 2000 Colo J C A R 5808, 48 FR Serv 3d 126 (criticized in Third Millennium Techs., Inc. v Bentley Sys. (2003, DC Kan) 2003 US Dist LEXIS 14662) and (criticized in Johnson v Wyeth (2004, ND Ala) 313 F Supp 2d 1272) and (criticized in Meier v Premier Wine & Spirits, Inc. (2005, ED NY) 2005 US Dist LEXIS 10134).
Vogel v United States Office Prods. Co., 258 F3d 509 (6th Cir. 2001), amended 2002 US App LEXIS 2675 (2002, CA6 Mich)
Johnson v Wyeth, 313 F Supp 2d 1272 (N.D. Ala. 2004)
28 USCS § 636(b)(1)(A)
Fed. R. Civ. P. 72(a)
*Williams v Beemiller, Inc.,* 527 F3d 259 (2nd Cir. (NY) 2008)
*McDonough v Blue Cross*, 131 FRD 467 (W.D. Pa. 1990)
28 USCS § 636(b)(1)(A),
*Clary v Stanley Works*, 8 BNA WH Cas 2d 1649 (D.C. Kan. 2003).
*In re Scranton Hous. Auth.* (2007, MD Pa) 487 F Supp 2d 530
Tripati v Rison (1988, CA9) 847 F2d 548
*Woods v Dahlberg,* 894 F2d 187 (6th Cir. Ohio 1990)
*Cohens* v. *Virginia*, 19 U.S. 264 (1821)
*Colorado River Water Conservation Dist.* v. *United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)
*Sprint Communs., Inc. v. Jacobs*, 134 S. Ct. 584, 590-591 (U.S. 2013).
Manual of Patent Examining Procedure at Section 602
But I do not admit any citation as authority and deny them as authoritative to deny estoppel or otherwise.

## TABLE OF CONTENTS II.

I. Background Summary
II. Named Persons and Entities
III. Evidence
IV. Jurisdiction and Venue
V. Waiver of Eleventh Amendment Immunity
VI. Standing and Open Public Records
VII. Statement of Facts
VIII. Theories of Liability, Including Liability of Common Employer
1. *Liability of Single Business Enterprise*
2. *Vicarious Liability*
3. *Actual Authority*
4. *Apparent Authority*
5. *Liability of Aider/Encourager*
6. *Exhaustion of Administrative Remedies*
IX. Causes of Action (numbered claims in numbered paragraphs)
X. Motion for Attorney Fees
XI. Damages
XII. Notices and Injunctions
XIII. Prayer
XIV. Demand for Jury Trial
XV. Certificate of Interested Persons
XVI. Notice of Constitutional Challenge
XVII. Declaration of Admission To Practice
XVIII. Statement Regarding Oral Argument

## I. Background Summary

I incorporate by reference herein my Background Summary provided to the United States District Court for the District of Delaware in my Complaint at Document No. 1, pp. 2-4 or other, https://ecf.ded.uscourts.gov/doc1/04302891302?caseid=56999&de_seq_num=40&pdf_header=1&pdf_toggle_possible=1 (herein referred to as "My First Complaint Outside of Texas") in *Chelsea L. Davis v. McKool Smith P.C., State Bar of Texas, Baker Botts LLP, Asarco LLC, Leslie D. Ware, PanOptis LLP, Harlan R. Crow, Crow Holdings Capital Partners LLC, Samuel*

*F. Baxter, Mark Werbner, Sayles Werbner P.C., C. Roderick Phelan, Lawrence J. Friedman, Chief Disciplinary Counsel Linda Acevedo, Robin Case, Ben Selman, Susan Farris, Edgar Nace, Jaye Crowder, Eric Aguilar, Dallas County, Collin County, Travis County, The Town of Highland Park, The Town of Addison, Texas Health Presbyterian Hospital Dallas, Southern Methodist University, Angeline Bain, Brian Lidji, Emily Tobolowsky, Jill Willis, Pershing Square Capital Management LP, Hayman Capital Management LP, Carlson Capital LP, Kynikos Associates LP, Omega Advisors Inc., Colt Ventures, and Dallas Cowboys Football Club, Ltd.*, 1:15-cv-00341-SLR (D. Del. opened April 29, 2015). The Severed "Action(s)" are severed from or from which severed is the State Bar of Texas investigation (instituting action thereon by this Complaint or otherwise, as shown in Index of Confidential Information at "Appendix" No. 115cv341) in *Chelsea L. Davis v. McKool Smith P.C. et al*, 1:15-cv-341 (D.Del. opened April 29, 2015) (cited herein in this Document on this Page 5 to be identified later by Document number and Page ID number or in Index of Confidential Information at new "Appendix" No. ________ only for the limited purposes recited for independent action(s) or otherwise).

I should not be forced to report a false report or false status concerning my law practice to any court or to the USPTO. Neither the State Bar of Texas nor the USPTO should be allowed to force me to libel or defame myself. There is no justification or excuse for suspending my Texas law license no matter what the State of Texas says in its means of instituting a disciplinary

"proceeding" against me, yet without prosecuting or even filing any "proceeding" against me.

## II. Named Persons and Entities

The State of Texas may be served through Attorney General Ken Paxton or another at 300 W. 15th St., Austin, TX 78701 or wherever it may be found.

The Supreme Court of Texas may be served through its Chief Justice Nathan L. Hecht or another at 201 W. 14th St., Rm. 104, Austin, TX 78701 or wherever it may be found.

The State Bar of Texas may be served through its executive director Michelle Hunter or another at P.O. Box 12487, Austin, TX 78711-2487 or wherever it may be found.

The Board of Disciplinary Appeals may be served through its Chairman or another at P.O. Box 12487, Austin, TX 78711-2487 or wherever it may be found.

The Commission for Lawyer Discipline may be served through its Chair, Guy Harrison, or another at P.O. Box 12487, Austin, TX 78711-2487 or wherever it may be found.

## III. Evidence

I incorporate by reference herein my Index of Confidential Information in support of proceeding with a disciplinary action against myself.

## IV. Jurisdiction and Venue/ STATEMENT OF JURISDICTION

I am not the plaintiff or his assignee before the United States Court of Federal Claims. Named plaintiff is the State of Texas or his assignee, whether or not the State of Texas is an actual or legitimate plaintiff. When either operative facts alleged or relief requested is different, 28 USCS § 1500 does not apply, and Court of Federal Claims has jurisdiction. What is a claim for any suit? What is a claim for any process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting

or professing to act, directly or indirectly under the authority of the United States.

Instead of filing a complaint against me or any other named attorney who has arguably committed professional misconduct to hash it out, the Commission for Lawyer Discipline is hiding behind a pre-filing smoke screen or shield called "Suspension-Disability Reasons" signed by Marvin W. Jones, Chair of the Board of Disciplinary Appeals, on or about May 15, 2015, prior to any disciplinary "action" or "proceeding." (herein referred to as the "May 15th Suspension and Stay"). Such is thus a pre-filing type "order" or threshold requirement made by the wrong person/body under or outside of the rules, which means the Board of Disciplinary Appeals lacked subject matter jurisdiction, and it is a question of fact and/or law as to whether Marvin W. Jones could have acted in his official capacity to render, sign and enter the "May 15th Suspension and Stay," and, if so, in what case or controversy was the "May 15th Suspension and Stay" entered? Indefinite suspension without a jury trial, like indefinite detention of a criminal without a jury trial, charging document, indictment or prosecution, is not within the authority of the President of the State Bar of Texas or any other officer, agent or commission acting on behalf of the State Bar of Texas or other.

Mandamus must lie or motion to set it aside as a void "order" or other motion under the Federal Rules of Civil Procedure or All Writs Act, or otherwise, especially if this Court or another entered the "May 15th Suspension and Stay." In *State v. Sewell*, 487 S.W.2d 716 (Tex. 1972), the Texas Supreme Court granted mandamus to vacate an injunction barring Grievance Committee proceedings, holding that an injunction by a district court "is an interference with the grievance procedures authorized by the State Bar Act and constitutes a clear abuse of discretion." *Id.* at 719. Unlike *State v. Sewell,* I have not yet seen any involvement by any Grievance

Committee or action taken by the Commission for Lawyer Discipline. In other words, I am being indefinitely detained without any prosecution such that I must continue to sue myself in the hopes of obtaining relief. "The United States District Court for the Eastern District of Virginia shall have jurisdiction." 15 U.S.C. § 1071(b)(4). Under 28 U.S.C.S. § 636(c)(4), "[t]he court may ... vacate a reference of a civil matter to a magistrate." *Id.*

***Neither the Texas Supreme Court nor the United States Supreme Court has never reached the question of law of whether an adequate remedy at law or in equity exists to compel the Commission for Lawyer Discipline to commence a Disciplinary "Action"/Prosecution or to respond to or intervene in a Disciplinary "Action" commenced by attorney against herself.***

**IN THE SUPREME COURT OF THE UNITED STATES, IN RE: UNITED STATES, NO. _________,** On PETITION FOR WRIT To the Honorable Active Associate Justice Ruth Bader Ginsburg for the United States Supreme Court To Select Three Active Judicial District Court Judges, or panel for en banc consideration.

Under 15 U.S.C. 1123, "The Director shall make rules and regulations, not inconsistent with law, for the conduct of proceedings in the Patent and Trademark Office under this chapter." *Id.* Under 35 U.S.C. 32, the "United States District Court for the Eastern District of Virginia, under such conditions and upon such proceedings as it by its rules determines, may review the action of the Director upon the petition of the person so refused recognition or so suspended or excluded." *Id.* While exceptional circumstances dictate a stay, there are no exceptional circumstances here, and a stay or delay before disciplinary trial would only defeat the interests of justice. Under 15 U.S.C. 1072, "Registration of a mark on the principal register provided by this chapter or under the Act of March 3, 1881, or the Act of February 20, 1905, shall be constructive

notice of the registrant's claim of ownership thereof." *Id.* I own trademark Reg. No. 4233745 for CREATE INNOVATE CELEBRATE, on which basis I may file a claim under the Lanham Act. Under 15 U.S.C. § 1071, jurisdiction is specified in the United States District Court for the Eastern District of Virginia. Under 28 USCS § 2255, I bring motion to vacate "conviction," if any, because magistrate judge's recommendation could not be construed as a decision on the merits.

Congress established a comprehensive administrative and judicial framework for adjudicating Civil Service Retirement System benefit claims that precludes the United States Court of Federal Claims' exercise of jurisdiction. Claimants must first exhaust their administrative remedies before the United States Office of Personnel Management, 5 U.S.C.S. § 8347(a)-(b), from which appeals may be taken to the United States Merit Systems Protection Board, 5 U.S.C.S. § 8347(d)(1), and if further review is sought, to the United States Court of Appeals for the Federal Circuit. 5 U.S.C.S. § 7703(b)(1). I challenge the Constitutionality of such framework and the system for registering and disciplining United States Patent Attorneys as a class generally and as applied to me, and thus it would be futile to pursue such administrative remedies which I assert are unconstitutional and for other reasons.

The abuse of local governmental power, when of the constitutional magnitude as described in this case, is a power denied the States by the Constitution within the meaning of the Tenth Amendment to the United States Constitution. The power to remedy the unconstitutional wrong is one delegated to the United States by the Constitution. The Constitution expressly provides for federal court jurisdiction in claims arising under this Constitution (or) Laws of the

United States. U.S. CONST. Art. 3, § 2. Congress has given the federal courts original jurisdiction over such claims. 28 U.S.C. § 1331.

I invoke my Seventh Amendment right to a jury trial and other rights enumerated in the United States Constitution and Bill of Rights. The USPTO's position is in tension with 28 U.S.C. § 1331, which provides that federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 2201, which authorizes declaratory judgments. "[I]t is established practice for [the Supreme] Court to sustain the jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution." *Bell v. Hood*, 327 U.S. 678, 684 (1946); *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010). And "injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001); *see also* 5 U.S.C. § 702 (stating that under the Administrative Procedure Act, any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof" and may seek injunctive relief).

My claims/counterclaims/crossclaims go to the constitutionality of the entire statutory scheme, and I specifically seek an order compelling the State Bar of Texas and United States Patent and Trademark Office to prosecute me in a state and a United States district court for suspension, disbarment, disciplinary or other action, compel it to answer me in a district court for disciplinary action (not criminal action, which is not fair) or else remove me from the list of attorneys licensed to practice law in Texas and/or before the USPTO.

With regard to the false and misleading press release about my business activities, the State Bar of Texas violated my rights under the First Amendment and I am entitled to relief under 5 U.S.C. § 706, which provides that a reviewing court may set aside agency action found to be "in excess of statutory jurisdiction, authority, or limitations." U.S. CONST. Amd. I.

V. Waiver of Eleventh Amendment Immunity

I waive my sovereign immunity with respect to my claim for non-monetary relief against myself, only if my claim is heard outside of Texas. Title 29 U.S.C.S. § 411(a)(4) prohibits a union from limiting the right of a member to institute an action in any court or in a proceeding before any administrative agency. Exhaustion is not required when the administrative remedies are inadequate as they are in United States, Texas and USPTO disciplinary structures.

VI. Standing and Open Public Records

I incorporate by reference herein this section from "My First Complaint Outside of Texas" and/or other Complaints.

VII. Statement of Facts

I incorporate by reference herein this section from "My First Complaint Outside of Texas" and/or other Complaints transferred in or otherwise, to be revealed following this Court's threshold determination of jurisdiction.

VIII. Theories of Liability, Including Liability of Common Employer

I incorporate by reference herein this section from "My First Complaint Outside of Texas" and/or other Complaints transferred in or otherwise, to be revealed following this Court's threshold determination of jurisdiction.

IX. Causes of Action

I incorporate by reference herein this section from "My First Complaint Outside of Texas" and/or other Complaints transferred in or otherwise, to be revealed following this Court's threshold determination of jurisdiction. Tort Claims are necessarily severed into separate actions from Claims arising under contract and any Claims which must be filed in the United States Court of Federal Claims. A threshold determination of official capacity is necessary to determine jurisdiction of United States Court of Federal Claims verses United States District Court for the Eastern District of Virginia. I challenge the rule requiring the Eastern District of Virginia as unconstitutional due to principles of federalism and separation of powers regarding Virginia's agreement to enter the United States, which differ, for example, from Texas's agreement to enter the United States. Additional Claims not yet brought include:

1. State Law Claims against State Bar of Texas for Disability Pay and for Medical and Other Benefits for damages in excess of $10,000 in separate civil action.
2. Claim against State Bar of Texas under Lanham Act for declaratory and/or injunctive relief
3. Claim against State Bar of Texas for damages for libel.
4. Declaratory judgment claim against myself that I have violated the Texas Disciplinary Rules of Professional Conduct in my official capacity by ex parte communications with this "Court". I seek injunctive relief against myself to prevent myself from practicing law.
5. Declaratory judgment claim against myself that I have violated the Texas Disciplinary Rules of Professional Conduct by ex parte communications with this

"Court" in my unofficial capacity. I seek injunctive relief against myself to prevent myself from practicing law.

6. Claim against the State Bar of Texas for "suit on sworn account."

The subject matter of this "suit on sworn account" arises in part in Dallas and Collin Counties, Texas where I typically live and work. On or about 2009, Chelsea was registered by the USPTO. On or about 2012, Chelsea licensed her registration to her company or companies registered with the Texas Secretary of State. On or about 2012, Chelsea entered into another contract with the lawyer referral services of the State Bar of Texas, extending limited advertising purposes for the State Bar of Texas to advertise her trademarked legal services on its website. Any express or implied contract resulting therefrom may or may not constitute a mutual and legally binding enforceable contract between Chelsea Davis and the State Bar of Texas. A systematic record of performance has been kept. There was an offer, acceptance, and good and valuable consideration exchanged to work on the State Bar of Texas training program on its behalf. Chelsea Davis and the State Bar of Texas may or may not have exchanged something of value in anticipation of the completion of each contract, for example, for term employment upon annual license renewal fee. The State Bar of Texas promised that Chelsea Davis would be paid for her goods and/or services. I relied on the State Bar of Texas's promise to pay me, and I performed work for the State Bar of Texas or otherwise in reliance. The State Bar of Texas and their agents accepted each and every one of the goods and services described in Index of Confidential Information, and the State Bar of Texas are obligated to pay me the agreed upon amounts plus interest at an annual interest rate of 12%. I sold to the State Bar of Texas the goods and services described as legal services (along with limited right to advertise my Trademark

services for which I own the Trademark registration) and the State Bar of Texas owes me the agreed upon prices. The price constitutes the agreed to and customary reasonable charge for the items. In reliance, I, Chelsea Davis, worked for the State Bar of Texas and associated entities and agents, foregoing other opportunities. I made myself available to perform services and deliver goods and services. The State Bar of Texas did not supply me with supplies for use in performing my obligations under the training program from January 2013 to May 2015. I am the rightful undisputed owner of the mark for my legal services.

Exhibit A incorporated by reference herein constitutes an enforceable contract between myself and the State Bar of Texas and represents a sworn account for which a systematic record has been kept. The balance owed to me is $1,750,000, and I have not received payment. After demanding payment, the State Bar of Texas maliciously sought to defame through false light of my Trademark services. Interest has accrued at an annual rate of 12%. Demand has been made upon the State Bar of Texas for full payment of the principal balance plus interest for a total of **$1,960,000.** Chelsea Davis would show this Court that she has performed her obligations owed to the State Bar of Texas and all conditions precedent have been complied with by her. With regard to the agreement, in the absence of a written agreement later attached, Chelsea Davis seeks damages for unjust enrichment against the State Bar of Texas, and due to the promises to pay as described, the State Bar of Texas became obligated to pay me the agreed upon amounts plus interest and late charges as agreed. The State Bar of Texas failed to perform the obligations of enforcing my contracts for payments in a court or judicial forum and defaulted in the making of the payments.

Payments should have been made to Chelsea Davis and are due. I have given the State Bar of Texas credit for all just and lawful offsets, credits, and payments in determining the monies owed to me for the State Bar of Texas training project. The State Bar of Texas materially breached any agreement, and I sustained economic losses as a result. Chelsea has made just and reasonable demands upon the State Bar of Texas as follows: I sent invoices, notices and demands for payment to the State Bar of Texas. Notwithstanding the above just and reasonable demands, the State Bar of Texas failed to and continues to fail to pay me the monies owed to me. Each of Claim Defendants breached any express or implied contract between myself and the State Bar of Texas. With respect to each and every instance, (1) there is a valid contract; (2) I performed or tendered performance according to the terms of the contract; (3) the State Bar of Texas breached the contract; and (4) I sustained damages as a result of the breach; or else the State Bar of Texas was unjustly enriched.

I am entitled to recovery under the equitable doctrine of quantum meruit because: (1) I furnished either valuable services or materials or both; (2) the services and/or materials were furnished to the party sought to be charged; (3) the services and/or materials were accepted by the party sought to be charged; (4) the services and/or materials were furnished and accepted under such circumstances that the party accepting the services and/or materials was reasonably notified that I, in performing, expected to be paid by the party, individual(s), entity or entities and parent entity or entities who accepted the services and/or materials or on whose behalf the services and/or materials were accepted, even if, when they were accepted, they were not accepted on any person or entity's behalf or otherwise.

I am entitled to recovery under the doctrine of promissory estoppel because: (1) a promise was made to me; (2) each of Defendants could foresee that I would rely on the promise; (3) I did substantially rely on the promise to my detriment; and (4) injustice can be avoided only by the legal enforcement of the promise against the promisor.

I am entitled to recover on "suit on sworn account" because (1) there was a sale and delivery of merchandise or a performance of services on account; (2) the amount of the account is just, that is, the prices charged are usual, customary, or reasonable, and (3) there are outstanding amounts that remain unpaid.

## X. Motion for Attorney Fees

I incorporate by reference herein my motion for attorney fees and bill of costs as I have worked over five thousand hours at a billable rate of Three Hundred Fifty United States Dollars per hour, which is $1,750,000, in addition to past due amounts over Three Million United States Dollars for suit on sworn account for which payment is past due. As a result of the State Bar of Texas's failure to meet its obligations to me, and due to its default on those obligations, I have been required to work myself in an attempt to file and prosecute my "suit on sworn account." My demands have been timely presented to the State Bar of Texas and my demands relating to the training project remain unpaid. Accordingly, I am entitled to receive reasonable attorney fees for my work on getting paid for the training project.

## XI. Relief Requested

In a civil action in which I seek to make a claim for relief outside of my official capacities, I seek damages for injuries to my business in excess of $10,000 in one or more of the

United States District Court, the United States Court of Federal Claims, the United States Court of Appeals for the Federal Circuit or other appropriate forum, including state district court.

In a civil action in which I make a claim for relief acting outside of my official capacities, I seek damages for personal injuries in excess of $10,000 in either or both of the United States District Court, the United States Court of Federal Claims, the United States Court of Appeals for the Federal Circuit or other appropriate forum, including state district court.

## XII. Notices and Injunctions

I provide notice of appeal of order by Magistrate or other signed May 15, 2015 to transfer "case" to the United States District Court for the Northern District of Texas, which may be interpreted to mean transfer to this Court, as a court of mandatory exclusive jurisdiction or otherwise.

## XIII. Prayer

I pray that: the State Bar of Texas and Claim Defendants be cited to appear and answer the allegations contained in this petition individually, and collectively, I be awarded judgment against Claim Defendants for the amount due on the training project, I be awarded pre-judgment interest at the maximum rate allowable by law, I be awarded a judgment for all costs of court incurred by me, I be granted judgment for post-judgment interest until the total amount of judgment is paid, and I be granted any other and further relief, special and general, legal and equitable, as I may show myself to be justly entitled to receive for the training project.

## XIV. Demand for Jury Trial

I demand a separate jury trial on each claim presented herein as I have paid for each filing fee separately.

XV. NOTICE OF PAYMENTS, BOND or SECURITY; Certificate of Interested Persons

I incorporate by reference herein attached my payment receipts for payments of "filing" fees, costs of preparing record, notices, timely and properly furnished security accepted into the court's registry and appeal bond, satisfying all requirements, my prior granted motion for leave to proceed and this Court's order granting of leave. Further, it appears I was ordered to act as Transfer Clerk for the United States District Court because of my status as an attorney admitted to the USPTO and hereby sign transmittal letter. The documents of "proceedings" sought to be filed are as follows: See Index of Confidential Information and summary for a checked list of documents to be provided in chambers, at hearing or otherwise as exhibits or whatever the proper procedure is.

Please file stamp and sign the extra copy of the transfer letter. Please include the new cause number for your records, and return it to our post office box in order that our records may be completed to 25 Highland Park Vlg., Ste. 100-830, Dallas, TX 75205. For further assistance, please direct all calls to the transfer desk of the George L. Allen, Sr. Courts Building, 600 Commerce St., Dallas, Texas 75202-4606 or other transfer clerk. /s/Chelsea L. Davis , Chelsea L. Davis.

I certify the following list includes persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent corporations and/or other legal entities who or which are financially interested in the outcome of: *Chelsea L. Davis v. McKool Smith P.C. et al*, 1:15-cv-00341-SLR (D. Del. opened April 29, 2015). The Severed "Action(s)" are severed from or from which severed is the State Bar of Texas investigation (brought in Complaint, as shown in Index of Confidential Information at "Appendix" No. 115cv341) in *Chelsea L. Davis v.*

*McKool Smith P.C. et al,* 1:15-cv-341 (D.Del. opened April 29, 2015) (cited herein in this Document on this Page 1 to be identified later by Document number and Page ID number or in Index of Confidential Information at new "Appendix" No. _______ only for the limited purposes recited herein or not at all or otherwise).

The undersigned certifies that the following listed persons and entities have an interest in the outcome. These representations are made in order that the judges/justices of this Court or those later appointed following recusal may evaluate possible disqualification or recusal and "transfer" by Local Administrative Judge or other. The United States District Court for the District of Delaware is herein referred to as "this Court." The United States District Court for the Eastern District of Virginia is also herein referred to as "this Court" because it appears that transfer to/filing in/origination in is possible or may have occurred in this Court, which is the location of the United States Patent and Trademark Office, or that Court.

## XVI. NOTICE OF CONSTITUTIONAL CHALLENGE

Specifically, I challenge the Constitutionality of the following: Manual of Patent Examining Procedure at Section 602; 18 U.S.C. 1001; 18 U.S.C. 25; 37 C.F.R. 1.68, entitled "Declaration in lieu of oath"; and the state and federal structures and disciplinary schemes for disciplining United States patent attorneys, along with Constitutionality of rule at the Federal Circuit regarding pro-se representation, considering that fraud on the courts is committed by parties who sue themselves for patent infringement regardless of the rule preventing such.

## XVII. DECLARATION OF ADMISSION TO PRACTICE

I declare under penalty of perjury that the undersigned is a licensed attorney in good standing authorized to represent the party in all matters before the agency and judicial forum and

on appeal. Under 5 U.S.C. Sec. 500(b), I may represent a person before an agency on filing with the agency a written declaration that I am currently qualified as provided by this subsection and is authorized to represent the particular person on whose behalf I act, which I did, such that I cannot be replaced or substituted at this time, especially because I challenge the disciplinary scheme as a certified class of all United States and Texas Patent Attorneys practicing in the United States. /s/Chelsea L. Davis, Chelsea L. Davis, Attorney of record and *pro-se.*

## XVIII. STATEMENT REGARDING ORAL ARGUMENT

Oral argument would be helpful so that I may present my arguments and describe to this Court "documents" which I have indexed off the record from the agency in their attempt to avoid liability to me for their wrongful conduct. *See* FED. R. APP. P. 34(a) and (f). However, such is not requested herein if it would deprive this Court of jurisdiction to grant writs to lift the stay on the merits to proceed with both all the severed/transferred/consolidated "action(s)" separately and disciplinary "action." I do not make admissions or waive arguments with respect to Civil Cover Sheet(s). I have never made any appearances before this Court or otherwise.

Dated: June 15, 2015

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis,
*Pro-se and Attorney of Record*
TX BAR NO. 24059652
U.S. Reg. No. 63,791
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com